ROWENA BURNS DUNPHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 96765, 97645. Promulgated March 1, 1940.

*J. J. Lermen, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The petitioner seeks credit for income and absentee-ism taxes paid to the Republic of Mexico under the provisions of section 131 (a) and (b) of the Revenue Acts of 1934 and 1936.[1]

The respondent contends that the petitioner may not receive such credit because of the limitations of section 131 (b) and argues that the petitioner's income from the Mexican Candelaria Co., S. A., was received as compensation for services rendered within the United States and is income from sources therein. Consequently, the re-

---

[1] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

*     *     *     *     *     *     *

(b) LIMIT ON CREDIT.—The amount of the credit taken under this section shall be subject to each of the following limitations:

(1) The amount of the credit in respect of the tax paid or accrued to any country shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income from sources within such country bears to his entire net income for the same taxable year; and

(2) The total amount of the credit shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income from sources without the United States bears to his entire net income for the same taxable year.

spondent claims, there being no income from sources without the United States, the credit here sought can not exceed zero.

However, section 131 (e)[2] of the same acts specifically refers to the provisions of section 119 as determining the income derived from sources without the United States. Section 119 (a) (3) and 119 (c) (3) [3] include compensation for labor or personal services performed in or without the United States in the items of gross income which shall be treated as income from sources within or without the United States, respectively. The crux of the case at bar is the phrase "compensation for labor for personal services performed in the United States." If the petitioner performed such services without the United States it is clear that she is entitled to the credit which she claims.

The record discloses that the petitioner inherited a business controlled originally by her father and later by her husband. Upon her husband's death, she was elected president of the company. She received an annual salary of $24,000 as such officer. The record does not reveal that she performed any services whatever for the company, either in the United States or in Mexico. That she performed no such services without the United States is inferable from the stipulated fact that she was not absent from this country at any time during 1935 or 1936. In any event, the burden is upon her to prove the contrary. See *Louis D. Beaumont*, 25 B. T. A. 474; affd., 73 Fed. (2d) 110; certiorari denied, 294 U. S. 715.

Nor was the petitioner's salary paid to her as interest, dividend, or any other item of gross income which is elsewhere comprehended in, and designated by the statute as a basis for credit. She must come within the classification of section 119 (c) (3) to entitle her to the credit.

---

[2] (e) PROOF OF CREDITS.—The credits provided in this section shall be allowed only if the taxpayer establishes to the satisfaction of the Commissioner (1) the total amount of income derived from sources without the United States, determined as provided in section 119, (2) the amount of income derived from each country, the tax paid or accrued to which is claimed as a credit under this section, such amount to be determined under rules and regulations prescribed by the Commissioner with the approval of the Secretary, and (3) all other information necessary for the verification and computation of such credits.

[3] SEC. 119. INCOME FROM SOURCES WITHIN UNITED STATES.

(a) GROSS INCOME FROM SOURCES IN UNITED STATES.—The following items of gross income shall be treated as income from sources within the United States:

*       *       *       *       *       *       *

(3) PERSONAL SERVICES.—Compensation for labor or personal services performed in the United States;

*       *       *       *       *       *       *

(c) GROSS INCOME FROM SOURCES WITHOUT UNITED STATES.—The following items of gross income shall be treated as income from sources without the United States:

*       *       *       *       *       *       *

(3) Compensation for labor or personal service performed without the United States.

In the absence of the proof of credit required by the statute the petitioner is not entitled as a credit to the amounts paid by her as income and absenteeism taxes to the Republic of Mexico.

*Decisions will be entered under Rule 50.*